IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2058-F

| | |
|---|---|
| KELVIN ALLEN McNEIL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KEITH WHITENER, Superintendent, ) | |
| Alexander Correctional Inst., ) | |
| ) | |
| Respondent. ) | |

This matter arises from the petition for writ of habeas corpus (D.E. # 1), pursuant to 28 U.S.C. § 2254, filed by Kelvin Allen McNeil ("McNeil" or "petitioner"). Petitioner is a state inmate under sentence for convictions on counts of "possession of a firearm by a felon; possession of personal property, not his own, on which the permanent identification marks have been altered, defaced, destroyed or removed for the purpose of concealing or misrepresenting the identity of said item; carrying a concealed weapon; resisting a public offer; and being a habitual felon." State v. McNeil, 202 N.C. App. 691, 691 S.E.2d 132, 2010 WL 521020 *1 (N.C. Ct. App. Feb. 16, 2010) (unpublished table decision). Presently before the court are respondent's motion for summary judgment [D.E. # 14] and various pleadings [D.E. # 17-19] filed by petitioner subsequent to the motion for summary judgment. For the reasons that follow, the court orders that the motion for summary judgment will be granted and the petition dismissed.

1

## STATEMENT OF THE CASE

McNeil was convicted in the Superior Court of Brunswick County on July 2, 2008. Id. In pertinent part, the North Carolina Court of Appeals described the events culminating in his state court convictions as follows:

> On 3 July 2006, a Brunswick County grand jury indicted defendant for possession of a firearm by a felon and possession of personal property on which the permanent identification marks have been altered, defaced, or destroyed for the purpose of concealing and misrepresenting the identity of that property. On 14 August 2006, a Brunswick County grand jury indicted defendant for possession of marijuana up to ½ ounce. On 1 February 2007, the State dismissed the indictments for carrying a concealed weapon and resisting a public officer, specifying "indicted in federal court" as the reason. On 24 January 2007, a federal grand jury had indicted defendant for violation of 18 U.S.C. §§ 922(g)(1) and 924: possession, by a felon, of a firearm in or affecting commerce. 25 September 2007, a federal jury found defendant not guilty as to both charges.
>
> Following defendant's acquittal in federal court, the State reinstated defendant's charges. On 12 October 2007, defendant was again indicted by a Brunswick County grand jury for the crimes of carrying a concealed weapon, resisting a public offer, possession of marijuana up to ½ ounce, possession of a firearm by a felon, and possession of personal property on which the permanent identification marks have been altered, defaced, or destroyed for the purpose of concealing and misrepresenting the identity of that property. He was also indicted for being a habitual felon. A jury found defendant guilty of all charges except possession of marijuana, which was dismissed, and the trial court entered judgment on 2 July 2008.

Id.

Petitioner appealed to the North Carolina Court of Appeals, raising two issues: 1) "Whether the North Carolina Constitution permits successive prosecutions and punishments for the same conduct in federal and state courts and (2) whether the trial court erred by denying his motions to dismiss for insufficiency of the evidence." Id. The Court of Appeals held that petitioner "received a trial free from error" and therefore affirmed. Id. Petitioner did not file a petition for discretionary

2

Case 5:11-hc-02058-F Document 26 Filed 09/17/12 Page 2 of 17

review of this decision with the North Carolina Supreme Court.[1]

The record indicates that on December 3, 2010, petitioner filed a motion for appropriate relief ("MAR") in the Superior Court, which was summarily denied in orders entered on December 3, 2010, and June 28, 2011. See Resp.'s Supp. Mem. 5 & 6 [D.E. # 15-6, 15-7]. The record further indicates that also on December 3, 2011, petitioner filed a form petition for writ of certiorari with the North Carolina Supreme Court seeking review of the denial of his MAR, an event which had not yet transpired as of the time petitioner dated the petition on December 1, 2010. See Resp.'s Supp. Mem. ex. 7 [D.E. # 15-8]. On February 3, 2011, the North Carolina Supreme Court entered an order denying this petition without prejudice. Resp.'s Supp. Mem. ex. 8 [D.E. # 15-9]. No further state court proceedings are apparent in the record.

On March 21, 2011, at the earliest, petitioner filed the instant petition for writ of habeas corpus. On January 19, 2012, respondent filed his motion for summary judgment and supporting memorandum with exhibits. Although petitioner has filed several items of correspondence since the filing of the motion for summary judgment, he has failed to file a response to the motion. Instead, petitioner has filed documents asserting his innocence and the purported lack of sufficient evidence supporting his state court convictions. In two of these filings petitioner expresses frustration with

---

[1] On the portion of the form petition where petitioner is asked whether he sought "further review by a higher state court" after his appeal to the North Carolina Court of Appeals, petitioner indicates in the affirmative. Pet. [D.E. # 1] 2. However, in the space provided for "Name of court" petitioner states that his appeal was to "North Carolina Prisoner Legal Services," and that this entity "declined representation in my case." Id. Of course, any request petitioner might have made for legal assistance with North Carolina Prisoner Legal Services" does not suffice as an "appeal" to any North Carolina state court for purposes of applying the federal habeas corpus framework in this matter. Moreover, petitioner has not challenged respondent's assertion that he did not file a petition for discretionary review with the North Carolina Supreme Court which raised the instant grounds for relief. See Resp.'s Supp. Mem. [D.E. # 15] 4-5.

3

the perceived delay in resolving this matter, and asks that this court "dismiss" his case due to his innocence and order his release from prison. See Pet'r's Mots. [D.E. # 17, 18]. Petitioner also filed an interlocutory appeal [D.E. # 21], which the United States Court of Appeals for the Fourth Circuit recently dismissed for lack of jurisdiction due to the fact that this court had not yet entered any final or otherwise appealable order in this matter. Opinion [D.E. # 24]. The matter is now ripe for ruling.

## DISCUSSION

I. Standard of Review

    A. Summary Judgment

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp, 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    B. Section 2254(d)

The court's review of Petitioner's claims is governed by 28 U.S.C. § 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104, 132, 110 Stat. 1214 (1996). Section 2254(d) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of

4

the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The phrase "'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decisions." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13. A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Likewise, under § 2254(d)(2), "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. __, __, 130 S.Ct. 841, 849 (2010). See also Winston v. Kelly, 592 F.3d 535, 554 (4th Cir. 2010) ("For a state court's factual determination to be unreasonable under §

5

2254(d)(2), it must be more than merely incorrect or erroneous. It must be sufficiently against the weight of the evidence that it is objectively unreasonable.") (citing Schriro v. Landrigan, 550 U.S. 465, 474 (2007)). Thus, while "deference [in the habeas context] does not imply abandonment or abdication of judicial review" and does not "preclude relief," Miller-El v. Cockrell, 537 U.S. 322, 340 (2003), the deferential standard imposed by § 2254(d), as to both legal conclusions and factual determinations by the state courts, erects a substantial bar for state inmates seeking habeas relief in federal court.[2]

The statute "does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one." Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000). If the state court did not articulate the rationale underlying its adjudication, a federal habeas court must examine the record and the clearly established Supreme Court precedent to determine whether the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law. Id. at 158. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state

---

[2]   In this vein, the Supreme Court recently observed as follows:

If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no probability fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979)(Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, 562 U.S. __, __, 131 S.Ct. 770, 786-87 (2011).

court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 562 U.S. at __, 131 S.Ct. at 784-85. Finally, the factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Fisher v. Lee, 215 F.3d 438, 445 (4th Cir. 2000).

Only after a petitioner establishes that the state court's adjudication of his claims was "contrary to" or an "unreasonable application of" clearly established federal law, or was "based on an unreasonable determination of the facts in light of the evidence," may a federal court proceed to review a state court judgment independently to determine whether habeas relief is warranted. Rose v. Lee, 252 F.3d 676, 689-90 (4th Cir. 2001). See also Frazer v. South Carolina, 430 F.3d 696, 718 (4th Cir. 2005) ("Because the state court's decision in this case was both contrary to and involved an unreasonable application of clearly established federal law, the district court properly reviewed Frazier's claim *de novo*."); Lynch v. Polk, 204 F. App'x 167, 170 (4th Cir. 2006) (unpublished decision) ("If a legal or factual error of the degree specified in § 2254(d)(1) or (d)(2) occurred, then a federal court has the obligation to conduct an independent review of the petitioner's claims to determine whether the issuance of a writ is warranted.").

II. Petitioner's Claims

Petitioner appears to raise the following claims in his federal habeas petition: 1) that his conviction on at least one of the counts is not supported by sufficient evidence;[3] and 2) that his state

---

[3] The court is paraphrasing. Petitioner's claim, in its entirety, is as follows:

at both trial state and federal trial the laboratory results came in and said that my finger prints are not on the firearm that I got charged with therefore I didn't possess

(continued...)

7

court convictions violate his constitutional protections against double jeopardy.[4] Pet. 5, 7.

III. Analysis

Respondent contends that petitioner's claims are procedurally barred, are without merit pursuant to the standard enunciated in § 2254(d), and that the claims in the petition were not exhausted in the state courts prior to petitioner's filing of the instant federal habeas petition. Resp.'s Supp. Mem. 4-13.

A. Procedural Default

Respondent argues that petitioner has procedurally defaulted his claims because, although he raised similar claims on direct appeal to the North Carolina Court of Appeals, he failed to seek discretionary review of the Court of Appeals' decision denying his appeal. A prisoner is required to exhaust remedies available to him in state court before he files a writ of habeas corpus in federal court. See § 2254(b)(1)(A). The Fourth Circuit has described the contours of this exhaustion requirement as follows:

> Of course, it is true that "[b]efore seeking a federal writ of habeas corpus, a state

---

[3](...continued)
a firearm right they read the results at trial Federal and state and the federal agent Robert Glasscock testified at state trials and government didn't have the original gun that I got charged with on May 26, 2006 at trial neither they had different one

Pet. 5.

[4] Again, in petitioner's own words:

Double jeopardy from state they dismissed my case January 2007 Federal indicted me same month January 2007 Federals lose case I get acquitted September 25, 2007 in federal court at trial by grand jury State reindict me November 14, 2007 State holds trial July 2 & 3 2008 and I get found guilty by grand jury

Pet. 7.

> prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citation and internal quotation marks omitted); see also Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.1998). To provide the state with this opportunity, "the prisoner must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Reese, 541 U.S. at 29; see also Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997). The habeas petitioner must raise his claim before every available state court, including those courts [ ] whose review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999).

Jones v. Sussex I State Prison, 591 F.3d 707, 712-13 (4th Cir. 2010). A habeas petitioner's failure to exhaust his remedies in state court may preclude review of his claims in federal court. "A procedural default . . . occurs when a habeas petitioner fails to exhaust available remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Breard, 134 F.3d at 619 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

In North Carolina, a non-capital defendant may satisfy the exhaustion requirement for federal habeas purposes by directly appealing his conviction to the North Carolina Court of Appeals and, if unsuccessful in that venue, petitioning the Supreme Court of North Carolina for discretionary review pursuant to N.C.G.S. § 7A-31. In the post-conviction context, a petitioner in North Carolina may exhaust his federal claims by filing a MAR in the appropriate circuit court and then filing a petition for certiorari review of any adverse decision with the Court of Appeals pursuant to N.C.G.S. § 15A-1422. Because "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner," Breard, 134 F.3d at 619, absent a showing by petitioner that his instant federal claims followed along one of these two tracks to completion of review in the state courts, his claims are vulnerable subject to procedural default.

To begin with, the court finds suspect respondent's claim that petitioner actually raised the instant federal claims during his direct appeal. Petitioner's claims on direct appeal related to the sufficiency of the evidence supporting his conviction for possessing a firearm with an altered serial number and whether the "principle of double jeopardy" in the North Carolina Constitution permitted his state court prosecution after his federal acquittal. McNeil, 2010 WL 521020 at *1. Specifically, with respect to the sufficiency of the evidence claim, his claim was that the evidence was insufficient to show that he "had actual knowledge: (1) the serial number had been filed off the weapon, or; (2) that he knew that the serial number has been filed off for the purpose of concealing the identity of the property." Def./App. Br. 27-28, Resp.'s Supp. Mem. ex. 2 [D.E. # 15-3]. This claim appears materially distinct from petitioner's current claim that he is innocent of having possessed a gun, or that there is insufficient evidence to support such a conviction, because his fingerprints were not found on the gun. Likewise, the "double jeopardy" claim petitioner alleged in state court mostly concerned state constitutional protections against double jeopardy, not whether petitioner's federal constitutional double jeopardy protections, applicable to the State via the Fourteenth Amendment,[5] were violated by the state court prosecution. See Def./App. Br. 12-13, Resp.'s Supp. Mem. ex. 2 [D.E. # 15-3] ("This case presents the question of whether our state constitution permits successive prosecutions and punishments for the same conduct in federal and state courts."). Nevertheless, given petitioner's failure to rebut respondent's characterization of his claims on direct appeal, the court will assume for present purposes that petitioner did raise his current claims on direct appeal to the North Carolina Court of Appeals.

---

[5] See Baum v. Rushton, 572 F.3d 198, 206 (4th Cir. 2009) (quoting Benton v. Maryland, 395 U.S. 784, 794 (1969)).

It is uncontested that petitioner failed to file a petition for discretionary review with the North Carolina Supreme Court after the Court of Appeals denied his claims on direct appeal. Furthermore, petitioner's December 3, 2010, filing of a form petition for certiorari review of some purported denial of a MAR he claims to have filed in June of 2010 can not serve to exhaust his federal claims. First, there is nothing in the record indicating that petitioner actually filed a MAR in June of 2010, or that some lower court denied the MAR on November 11, 2010, as he indicates on the petition. See Resp.'s Supp. Mem. ex. 7 [D.E. # 15-8] 2. In the form petition, petitioner does not discuss the content of any lower court's supposed disposition of his MAR, and the only MAR filed by petitioner which he acknowledges in his federal habeas petition is the December, 2010, MAR discussed previously. See Pet. 3. In any event, even assuming that petitioner had filed a MAR in June of 2010, his petition for certiorari review of a decision denying that MAR filed in the Supreme Court was addressed to the wrong court, as North Carolina law requires that jurisdiction over a petition for certiorari review of the denial of a MAR rests in the Court of Appeals rather than the Supreme Court. See N.C. R. App. P. 21(e). Moreover, the Court of Appeals' decision on review of such a petition is final "and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C.G.S. § 7a-28(a). Thus, petitioner could not have met his "fair presentation" burden by filing the petition in an inappropriate court. Finally, the certiorari petition itself fails to raise the double jeopardy claim asserted in the instant federal petition. Resp.'s Supp. Mem. ex. 7. For all of the foregoing reasons, it is apparent that petitioner failed to "fairly present" the instant federal claims in the "appropriate state court" as required to exhaust the claims for federal habeas purposes.

It is less clear, however, whether, despite this failure to exhaust, petitioner's claims are

It is uncontested that petitioner failed to file a petition for discretionary review with the North Carolina Supreme Court after the Court of Appeals denied his claims on direct appeal. Furthermore, petitioner's December 3, 2010, filing of a form petition for certiorari review of some purported denial of a MAR he claims to have filed in June of 2010 can not serve to exhaust his federal claims. First, there is nothing in the record indicating that petitioner actually filed a MAR in June of 2010, or that some lower court denied the MAR on November 11, 2010, as he indicates on the petition. See Resp.'s Supp. Mem. ex. 7 [D.E. # 15-8] 2. In the form petition, petitioner does not discuss the content of any lower court's supposed disposition of his MAR, and the only MAR filed by petitioner which he acknowledges in his federal habeas petition is the December, 2010, MAR discussed previously. See Pet. 3. In any event, even assuming that petitioner had filed a MAR in June of 2010, his petition for certiorari review of a decision denying that MAR filed in the Supreme Court was addressed to the wrong court, as North Carolina law requires that jurisdiction over a petition for certiorari review of the denial of a MAR rests in the Court of Appeals rather than the Supreme Court. See N.C. R. App. P. 21(e). Moreover, the Court of Appeals' decision on review of such a petition is final "and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C.G.S. § 7a-28(a). Thus, petitioner could not have met his "fair presentation" burden by filing the petition in an inappropriate court. Finally, the certiorari petition itself fails to raise the double jeopardy claim asserted in the instant federal petition. Resp.'s Supp. Mem. ex. 7. For all of the foregoing reasons, it is apparent that petitioner failed to "fairly present" the instant federal claims in the "appropriate state court" as required to exhaust the claims for federal habeas purposes.

It is less clear, however, whether, despite this failure to exhaust, petitioner's claims are

11

Case 5:11-hc-02058-F   Document 26   Filed 09/17/12   Page 11 of 17

procedurally defaulted. Respondent simply maintains that the failure to exhaust results in procedural default, without explaining why petitioner would be unable to exhaust his claims in the state courts, or whether any procedural bar the state courts might interpose in such an effort would suffice as an "independent and adequate state procedural rule" for purposes of applying procedural default in federal court. Resp.'s Supp. Mem. 5-6. While any North Carolina Supreme Court petition for discretionary review of petitioner's direct appeal would now be untimely pursuant to N.C. R. App. P. 15(b), matters would become more murky were petitioner to return to state court and attempt the filing of another MAR raising the instant claims.

N.C.G.S. § 15A-1419(a), which provides the circumstances under which a MAR may be denied, does not readily lend itself to clear application in this case. For example, the court cannot gauge the applicability of subsection (a)(1), which allows for the denial of a MAR where the movant has already filed a prior MAR and could have raised any of the movant's current issues but failed to do so, because respondent is unable to produce the MAR which petitioner filed in December of 2010 so that this court can discern whether he did in fact raise his claims in the prior MAR. While subsection (a)(2), which provides for the denial of a MAR where the "ground or issue underlying the motion was previously determined on the merits upon an appeal from the judgment," is possibly applicable given that petitioner arguably raised some variant of the instant claims on his direct appeal, the Fourth Circuit has remarked that subsection (a)(2) "states a rule of res judicata and law of the case," "not a state procedural bar for purposes of federal habeas review." Brown v. Lee, 319 F.3d 162, 170 n.2 (4th Cir. 2003). Finally, the application of subsection (a)(3), which requires the denial of a MAR where "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue . . . but did not do so," appears dubious because, according to respondent,

12

petitioner did raise his claims in his prior direct appeal, he just failed to exhaust them for purposes of federal habeas corpus. Thus, there is considerable ambiguity as to whether, despite petitioner's clear failure to exhaust, his claims are also procedurally defaulted. Ultimately, the court need not resolve this question because, even assuming that the claims are not defaulted, they are without merit.[6]

B. Merits

As discussed above, the court is not convinced that petitioner specifically raised his current claims in his direct appeal to the North Carolina Court of Appeals. However, to the extent that he did raise them and the state court ruled upon them, thereby implicating § 2254(d) in this court's review, for the reasons set forth below the court finds that the claims are so lacking in merit that the state court's decision is not be contrary to or an unreasonable application of clearly established law, and is not based upon an unreasonable determination of the facts in light of the evidence presented at trial.

1. Insufficient Evidence

Plaintiff's first claim is that he is innocent of his convictions derived from the act of possessing a firearm because he was acquitted of such a charge in federal court and his fingerprints were not found on the subject firearm. Pet. 5. Because of the very limited circumstances under which a petitioner might raise a freestanding claim of "actual innocence" in a habeas petition and the "extraordinarily high" standard that would apply to such a claim, assuming it was even available

---

[6] Section 2254(b)(2) provides that a petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Indeed, respondent has expressly implored that the court proceed to deny petitioner's claims on the merits in order to "end this litigation," irrespective of any failure to exhaust. Resp.'s Supp. Mem. 13.

13

in a non-capital context, see Teleguz v. Pearson, 689 F.3d 322, 2012 WL 757314, n.2 (4th Cir. Aug. 2, 2012), the court construes this as a claim that there is insufficient evidence to support petitioner's convictions on such charges.

In reviewing a petitioner's claim that insufficient evidence supports his state court convictions, this court must "view the evidence in the light most favorable to the [state], drawing all inferences in the [state's] favor, and must [deny the claim] if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." United States v. Toliver, 387 F. App'x 406, 420 (4th Cir. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The court must consider both circumstantial and direct evidence introduced at the trial. United States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001).

There clearly was sufficient evidence to support the jury's finding that petitioner possessed a firearm. Petitioner appears to place unwarranted salience on the fact of his acquittal of a similar possession charge in federal court and the lack of corroborating fingerprint evidence. However, petitioner's acquittal in federal court simply is not relevant evidence for purposes of assessing the evidentiary support for his state convictions.[7] Moreover, petitioner points to no legal requirement that the firearm he was charged with possessing must bear his fingerprints. There is no such element within the possession crimes for which he was convicted. At most, this fact is simply circumstantial evidence which the jury obviously considered outweighed by other evidence of his guilt. Such evidence included, *inter alia*, the testimony of the law enforcement officer who arrested petitioner that he received a call advising that petitioner was discharging a firearm on a public street, that he

---

[7] Indeed, the trial court granted the state's motion in limine to exclude any reference to the outcome of the prior federal trial at petitioner's state trial. See Trial Transcript (hereinafter "Tr.") 8-9, Resp.'s Supp. Mem. ex. 10 [D.E. # 15-11].

located petitioner near the area described in the call, that petitioner fled into a nearby wooded area, that he chased and subdued petitioner, that he recovered a handgun from petitioner's pants pocket while searching him incident to the arrest, that the firearm introduced into evidence at trial was the firearm he found on petitioner, and that petitioner immediately accused the officer of planting the gun on him. Tr. 36-46. The jury also heard the testimony of another law enforcement officer who responded to the scene of the arrest to provide backup, who testified that he observed the search of petitioner and retrieval of the firearm from petitioner's pants. Tr. 75-76. Considering this evidence in the light most favorable to the State, and drawing all inferences from the evidence in favor of the State, it is clear that a rational trier of fact could have found that petitioner possessed a firearm, despite the absence of any fingerprint evidence, thereby providing the critical element of the possession offenses with which petitioner was charged and convicted. Accordingly, petitioner's claim that insufficient evidence supports his convictions is without merit and respondent is entitled to summary judgment on this claim.

2. Double Jeopardy

Petitioner's second claim is that his double jeopardy rights were somehow violated, although it is not clear whether he is asserting that the purported violation resulted from his state court trial on charges similar to those for which he was acquitted in federal court or because he was tried in state court after the State had previously indicted him for the same charges but subsequently dismissed the indictment after he was federally indicted. In either respect, petitioner's claim is without merit. The state and federal governments are separate sovereigns, and neither double jeopardy nor due process bar a state from prosecuting a defendant on state criminal charges after the defendant's acquittal on similar charges in federal court. Bartkus v. People of State of Ill., 359 U.S.

121, 136-38 (1959) (affirming conviction where defendant was convicted in state court on robbery charges after acquittal on similar charges in federal court). Likewise, to the extent that petitioner is complaining that he was tried and convicted after his charges had previously been dismissed by the State, his claim remains meritless. "In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn." Baum, 572 F.3d at 206. Hence, the State's mere indictment of petitioner in 2006 did not result in jeopardy attaching to the proceedings such that the State was precluded from re-indicting and trying petitioner after his federal court acquittal in 2007. Accordingly, petitioner's double jeopardy claim, no matter how it is construed, is without merit and respondent is entitled to summary judgment on such claim.

C. Certificate of Appealability

Having determined that respondent is entitled to summary judgment and the petition is due to be dismissed, the court must now consider whether petitioner is entitled to a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the petition in light of the applicable standards, the court finds that reasonable jurists would not find the court's treatment of the petition debatable or wrong and that

none of the issues are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons stated above, respondent's motion for summary judgment [D.E. # 14] is GRANTED and the petition is DISMISSED. Petitioner's miscellaneous "motions to dismiss" [D.E. # 17, 19] are DENIED. The court DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED. This the 17 day of September, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge